### THE ST. LOUIS TRANSFER COMPANY

*v.*

### TIMOTHY CANTY.

*Filed at Mt. Vernon June 21, 1882.*

1. APPEAL—*directly from the trial court to this court.* This court has no jurisdiction of an appeal directly from the judgment of the circuit court, when the sole question presented is, whether the court erred in holding that a garnishee was not protected by a judgment of a justice of the peace disregarding the amount of the statutory exemption in case of wages due from an employer, the appeal presenting no question of the validity of a statute or construction of the constitution.

2. It is not sufficient to give this court jurisdiction of an appeal directly from the trial court, that counsel should claim in his brief that the claim was made below that a statute was not constitutionally enacted, and the record shows that by stipulation of the parties the journal of the House of Representatives of the session in which the law was enacted was agreed to be considered as a part of the record, when no point is made here as to the validity of the statute.

3. It is not enough for counsel merely to say the validity of the statute is involved, to give this court jurisdiction of an appeal direct from the trial court. The record must show that the validity of the statute is in good faith, and not simply pretendedly involved, to give jurisdiction on that ground.

APPEAL from the Circuit Court of St. Clair county; the Hon. GEORGE W. WALL, Judge, presiding.

Mr. S. M. BRECKINRIDGE, and Mr. M. F. WATTS, for the appellant.

Mr. L. H. HITE, and Mr. GEO. D. GREEN, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The sole question presented by this record is, whether the circuit court erred in adjudging that a garnishee was not protected by a judgment of a justice of the peace disregard-

ing the amount of the statutory exemption in case of wages due from an employer. Clearly this presents no question of the validity of a statute or the construction of the constitution, and it is impossible that there can be any other ground upon which we are authorized to take jurisdiction by appeal directly from the circuit court, as this case is brought here.

Counsel for appellee assert that the claim was made below that the statute exempting $50 of the wages due laborers from garnishment was not constitutionally enacted, and the record shows that by stipulation of the parties the journal of the House of Representatives of the session at which that law was enacted was agreed to be considered as a part of the record, but no point is urged here by counsel for appellant to that effect. In their brief they expressly say that the question we have stated is the only question to be considered by the court.

It is not enough for counsel merely to say the validity of a statute is involved, to give us jurisdiction; for if that were the law, every case might be brought here upon a simple assertion of counsel, however absurd that assertion might be. The record must show that the validity of the statute is in good faith, and not simply pretendedly, involved, to give us jurisdiction on that ground.

This appeal must, therefore, be dismissed, and counsel will, if they desire, be allowed to withdraw record, abstracts and briefs, for the purpose of filing in the Appellate Court.

*Appeal dismissed.*