## THE PROVIDENT SAVINGS LIFE ASSURANCE COMPANY
## v.
## KATE ENGLISH.

*Practice—Constitutionality of Statute—Dismissal for Want of Juris-diction.*

In an action involving the constitutionality of the act giving the Circuit Court of the county, in which the plaintiff resides, jurisdiction where the defendant is an insurance company, this court, being without jurisdiction, dismisses the appeal with leave to withdraw the record, abstract and briefs.

[Opinion filed June 14, 1887.]

APPEAL from the Circuit Court of Morgan County; the Hon. C. EPLER, Judge, presiding.

Mr. E. A. OTS, for appellant.

Messrs. W. J. BRYAN and J. W. ENGLISH, for appellee.

*Per Curiam.* The first question presented by this record is as to the constitutionality of the Act of 1873, which provides that when the defendant is an insurance company, domestic or foreign, doing any business in this State, the Circuit Court of the county where the plaintiff resides may have jurisdiction, and process may issue and be directed to any county in the State for service and return. It is by virtue of this statute alone that the Circuit Court of Morgan County acquired jurisdiction, if it had any.

It is insisted by appellant that this statute is in violation of Sec. 22, Art. 4, and Sec. 29, Art. 6, of the Constitution. It seems necessary that this question should be determined, as it lies at the threshold of the case and determines the jurisdiction of the court below over the appellant. By the Practice Act we have no power to pass upon such a question and hence the appeal will be dismissed. Leave will be given to withdraw the record, abstracts and briefs. Wright v. People, 92 Ill. 596; St. Louis Transfer Co. v. Canty, 103 Ill. 423; Marion Co. v. Lear, 108 Ill. 343; W., St. L. & P. Ry. Co. v. Stephens, 14 Ill. App. 507.    *Appeal dismissed.*