THE CHICAGO GENERAL RAILWAY COMPANY

*v.*

FRANK H. SELLERS, Receiver.

*Opinion filed October 24, 1901.*

1. APPEALS AND ERRORS—*allegation of counsel that a constitutional question is involved does not confer jurisdiction.* Allegations of counsel in a pleading that a construction of a constitutional provision is involved does not confer jurisdiction on the Supreme Court.

2. SAME—*when construction of constitution is not involved.* The action of a court of equity in refusing to require a receiver to pay to the insolvent money for costs and solicitors' fees incurred by the insolvent on account of the receivership proceeding, does not require, on appeal, a construction of the constitutional provision that "no person shall be deprived of life, liberty or property without due process of law," and an appeal from the decision of the court lies to the Appellate Court.

APPEAL from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

C. C. & C. L. BONNEY, (LYMAN M. PAINE, of counsel,) for appellant.

DEFREES, BRACE & RITTER, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook county, entered on May 18, 1901, sustaining a demurrer to an intervening petition, filed by the appellant company against the appellee receiver, and dismissing such petition for want of equity.

The intervening petition was filed in the case of *Witbeck* v. *Chicago General Railway Co.* pending on the chancery side of said court, and wherein the bill was filed by Witbeck in April, 1900, as a creditor and stockholder of the Chicago General Railway Company, against said company and its directors and officers for the purpose of settling divers controversies between Witbeck and other stockholders, and for the purpose of obtaining the appointment of a receiver to operate the road pending the litigation. The appellant company was therein alleged to be insolvent, and about to be placed in such a position, by reason of its obligations and differences among its officers and stockholders, that it would be unable to perform its public functions as a street railway company. Sellers was appointed receiver therein.

The intervening petition of the appellant company prayed for an allowance to the appellant, out of the funds in the hands of the receiver, for the purpose of paying the fees and expenses of the appellant in the suit, in which appellee was appointed receiver of the appellant's property. The petition alleges that the receiver has $25,000.00 of the funds of the company in his hands, and

prays that the receiver may be ordered and required to pay to the company out of said sum $1000.00 for costs and expenses; $2500.00 for the services of its solicitors in preparing its answer and cross-bill; $10,000.00 for the services of its solicitors in attending court since the filing of the answer and cross-bill and in the preparation of pleadings and argument; and a further sum of $10,000.00 for the defense in said suit of appellant's directors and officers.

By sustaining the demurrer to the intervening petition and dismissing the same, the court below refused to allow the receiver to pay to the appellant company, out of the funds in his hands, money for the costs, expenses and fees above named. It is quite clear that appellant should have taken its appeal, if it had any right of appeal from the order in question, to the Appellate Court, and not to this court. The appeal here simply seeks to review an order of the court below refusing to direct its receiver to pay out a certain amount of money for a certain purpose. None of the elements exist which justify an appeal to this court.

Section 88 of the Practice act provides that cases, where the "construction of the constitution is involved," shall be taken directly to the Supreme Court; and it is claimed by the appellant that there is here involved a construction of that provision of the constitution, which announces that "no person shall be deprived of life, liberty, or property, without due process of law." The mere allegation of counsel in a pleading, that a construction of the constitution is involved, is not sufficient to give this court jurisdiction. (*St. Louis Transfer Co.* v. *Canty*, 103 Ill. 423; *City of Virden* v. *Allan*, 107 id. 505; *Chaplin* v. *Comrs. of Highways*, 126 id. 264.) We are unable to see that, by this order, any question is raised as to the construction of the above constitutional provision. Appellant was not thereby deprived of its right of defense, if it had any, against the bill filed by Witbeck. Its petition shows

that it filed an answer to the bill in that case, and a cross-bill, and an amended and supplemental answer to the original bill, and that it employed counsel to perform these and other important services.  When a court of chancery, in the exercise of its conceded powers, appoints a receiver, who takes possession of the property of a corporation, the putting of such property by the court into the possession of the receiver is not depriving the corporation of its property without due process of law.  We pass no opinion upon the question whether the court below did or did not err in refusing to direct the receiver to make an allowance to the appellant out of the fund in his hands for costs, fees and expenses.  But we are of the opinion that, by refusing to appropriate moneys in the hands of the receiver for such purpose, the court committed no such act, as necessitates a construction of the above quoted constitutional provision.  No such construction of the constitution is involved, as justifies an appeal to this court, and entitles it to take jurisdiction before the Appellate Court has acted.

If the contention of the appellant is correct upon this subject, every erroneous judgment or decree, which has the effect of awarding to the complaining party, or of refusing to award to him, the relief prayed, presents, in the same sense, a constitutional question.  It cannot be said that every man, who brings an action for that to which he claims to be entitled, and who, through the alleged error of the trial judge, fails to recover, is deprived of the benefit of due process of law in such sense, as to justify him in appealing directly to this court, without going through the Appellate Court.

The present appeal is dismissed for want of jurisdiction.                            *Appeal dismissed.*