## VICTORINE GRIVEAU

*v.*

## THE SOUTH·CHICAGO CITY RAILWAY COMPANY.

*Opinion filed February 21, 1905.*

1. APPEALS AND ERRORS—*mere assertion that constitutional question is involved is not sufficient.* Before the Supreme Court will take jurisdiction on the ground that a constitutional question is involved it must appear from the record that a fairly debatable constitutional question was urged in the trial court, the ruling on which is preserved in the record for review and error assigned thereon.

2. SAME—*when constitutional question is not open for review.* A constitutional question which has been passed upon and settled in the Supreme Court will be considered as no longer debatable, and will not furnish a ground for taking a case to the Supreme Court which should otherwise have gone to the Appellate Court, unless special reasons appear for a further consideration of the question.

WRIT OF ERROR to the Superior Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

This is an action on the case commenced in the superior court of Cook county by the plaintiff in error against the defendant in error, to recover damages to certain real estate situated upon Madison avenue, in the city of Chicago, upon which is located a store and flat-building. The declaration contains one count, and avers that the plaintiff is the owner of said premises in fee simple and in the possession thereof by herself and tenants; that the defendant purchased lots adjoining the said premises and constructed thereon a loop terminal for its street car line, and in connection therewith erected a station platform thereon where it receives and discharges passengers; that its car tracks are laid around said lots at a sharp curve and that in running its cars around said loop a grating noise is made; that passengers taking defendant's cars at that place are boisterous and noisy and that bells are rung at intervals, thereby disturbing the rest and quiet of the plaintiff and her tenants, and that one of the car

tracks connecting the main line in the street with said loop curves across the street in front of the plaintiff's premises, whereby the value of the premises of the plaintiff has been damaged, etc.

The general issue was filed, and, after the evidence of the plaintiff was submitted to the jury, upon the motion of the defendant the court struck out all the evidence and peremptorily directed a verdict in favor of the defendant and rendered judgment thereon, and the plaintiff has sued out a writ of error direct from this court to review the action of the trial court, and urges as grounds for reversal the following reasons: The refusal of the court to admit the inventory in evidence as proof of the specific property conveyed by the will of Adolph Godard to plaintiff, the striking out of all of the plaintiff's evidence, and the giving of the instruction to find the defendant not guilty.

EDWIN BEBB, and F. H. CULVER, for plaintiff in error.

JAMES W. DUNCAN, and C. LEROY BROWN, for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

It is contended that a construction of the constitution is involved, and for that reason the writ of error was properly sued out from this court. The assertion of counsel that a constitutional question is involved is not alone sufficient to give this court jurisdiction, (*St. Louis Transfer Co.* v. *Canty,* 103 Ill. 423; *Rowell* v. *Covenant Mutual Life Ass.* 176 id. 557; *Skakel* v. *People,* 188 id. 291;) but before this court will take jurisdiction, upon appeal or writ of error, upon the ground that a construction of the constitution is involved, it must appear from the record that such question is involved, and it must be a fairly debatable question raised in good faith, and not simply pretendedly, for the purpose of giving this court jurisdiction; (*Chaplin* v. *Comrs. of Highways,*

126 Ill. 264; *Beach* v. *Peabody,* 188 id. 75; *St. Louis Transfer Co.* v. *Canty, supra;*) and although it may appear a constitutional question was involved in the trial court, unless such question is preserved in the record and the ruling of the court thereon is assigned as error the question will not be considered by this court, but the appeal or writ of error will be dismissed. (*Skakel* v. *People, supra.*) It does not appear from the record that a construction of the constitution was involved on the trial, and no constitutional question is raised by the assignment of errors attached to the record. The record should therefore have been taken for review, in the first instance, to the Appellate Court.

It is urged that the cases of *Aldrich* v. *Metropolitan West Side Elevated Railroad Co.* 195 Ill. 456, and *Aldis* v. *Union Elevated Railroad Co.* 203 id. 567, were brought directly to this court, and that the court took jurisdiction thereof and disposed of them upon their merits. In those cases the construction of section 13 of article 2 of the constitution of 1870 was involved and the construction of that constitutional provision was properly preserved for review, and the rulings of the trial court made in those cases upon such question were assigned as error. In *Illinois Central Railroad Co.* v. *Turner,* 194 Ill. 575, *Calumet and Chicago Canal and Dock Co.* v. *Morawetz,* 195 id. 398, and *Illinois Central Railroad Co.* v. *Trustees of Schools,* 212 id. 406, the questions involved were substantially the same as the questions involved upon this record. Those cases came to this court through the Appellate Court.

If a constitutional question has been passed upon by this court, that question will be held to be settled and not to be a debatable question in this court, and if a case involving the construction of such constitutional provision is brought to this court which otherwise should go to the Appellate Court, unless special reasons appear for its further consideration such question will be deemed to be no longer a debatable question and open for review in this court.

As no constitutional question is involved upon this record or raised by the assignment of errors attached thereto, this court is without jurisdiction to entertain this writ of error, and the same will accordingly be dismissed.

*Writ dismissed.*