Edna Morgan Dean, Appellant, *vs.* The Northern Trust Company *et al.* Appellees.

*Opinion filed June 18, 1913.*

1. Trusts—*equity will not permit a trust to fail for want of a trustee.* If the trustee named in a will fails to act or is for any reason not qualified to act, and no provision for the appointment of a successor in trust is made in the will, a court of equity has power to appoint a trustee and will not allow the trust to fail for lack of one.

2. Same—*when validity of statute is not pertinent to decision of case.* Where a bill seeks a construction of a will creating a trust in personal property, the question whether the statutes under which the corporation named as trustee was organized and under which corporations are authorized to act as trustees are valid is not pertinent to nor involved in the decision of the case, as the determination of that question does not affect either the construction or the validity of the will.

3. Appeals and Errors—*when an appeal cannot be entertained upon ground that validity of statute is involved.* The mere facts that an amendment to a bill to construe a will creating a trust in personal property alleges the invalidity of the statutes under which the corporation named as trustee was organized and acting, and that a demurrer to such amendment was sustained, do not authorize a direct appeal to the Supreme Court from a decree construing the will, where the question of the validity of such statutes

was not involved in or pertinent to the decision of the case and the record does not show that the question was presented to the trial court for decision, the demurrer to the amendment being based upon other grounds.

APPEAL from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding.

DANIEL W. SCANLAN, and PATRICK H. O'DONNELL, (ELIJAH N. ZOLINE, of counsel,) for appellant.

JUDAH, WILLARD, WOLF & REICHMANN, and ALVIN W. WISE, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant filed the bill in this case in the superior court of Cook county to construe the will of John E. Dean, who died testate in November, 1908, leaving surviving him a widow, one son, Morris Rowland Dean, and four daughters, his only children and heirs-at-law. The first paragraph of the will directed the payment of the testator's funeral expenses, and $25,000 to his widow under an ante-nuptial contract. The second paragraph disposed of the testator's jewelry, silverware and household effects to his children. The third made a bequest to the testator's nephew of any mortgages he might hold at his death upon his nephew's Irving Park property. The widow repudiated the ante-nuptial agreement with her husband and instituted proceedings to recover her share of the estate as widow. A settlement was agreed upon, by which she accepted a certain sum in full of her interest in her husband's estate, and this was confirmed by a decree of the court. The original bill was divided into several paragraphs, and demurrers were sustained to all of it except paragraph 4. An amended bill was filed by leave of court and the demurrers to the original bill were ordered to stand as demurrers to the amended bill.

The will of John E. Dean is divided into paragraphs, and paragraph 5 is subdivided into what are designated as trust sections A, B, C, D, E, F and G. The only portions of the will involved in this litigation are paragraph 4 and trust section C of paragraph 5. Those provisions of the will are as follows:

"Paragraph 4.—If, after making the payments and gifts above in paragraphs 1, 2 and 3 provided for, the rest and remainder of my estate, of all kinds, should, for any reason now unforeseen, not amount in value to the sum of three hundred thousand dollars, ($300,000,) then and in that case I give, devise and bequeath to my five (5) dear children, to-wit, Morris Rowland Dean, Blanche Isabelle Blackman, (formerly Blanche Isabelle Dean,) Grace F. D. Wood, (formerly the wife of John E. Wood,) Marian Dean and Evelyn Dean, for their own use and behoof forever, in equal parts, share and share alike, all of the said rest and remainder of my property and estate, of all kinds whatsoever: *Provided, however,* that if at the time of my death one or more of my above named daughters shall have already departed this life, then the share or shares of the daughters so deceased shall forthwith go and be turned over to her or their respective devisees in accordance with her or their respective wills, if she or they shall have left a last will or wills, and in any case where there be no such last will, then to her or their respective heirs-at-law under the Statute of Descents of the State of Illinois; and if at the time of my death my said son, Morris, shall already have departed this life, his share shall forthwith go and be turned over to his heirs-at-law under said Statute of Descents.

"Paragraph 5.—If my estate and property, after making the payments and gifts above in paragraphs 1, 2 and 3 above provided for, does, as I believe it certainly will, amount in value to more than the sum of three hundred thousand dollars, ($300,000,) then and in that case I give, devise and bequeath to the Northern Trust Company of

Chicago, as trustee, in trust, all of my property and estate, of all kinds whatsoever, remaining after making the payments and gifts above in paragraphs 1, 2 and 3 provided for, for and upon the following trusts, terms and purposes, to-wit:  *  *.  *

"*Trust section C*—One-fifth (1/5) of all the trust estate and property remaining after the provision for my wife set forth above in trust section B shall be held and applied subject to the provisions and terms and conditions below in this section C contained, to and for the use and benefit of my said son, Morris; that is to say, all the net income from said one-fifth (1/5) shall be paid over to him upon his written orders or receipts at quarter-yearly periods during his life and until his death, and in addition to said net income the trustee shall, beginning fifteen (15) months from my death, if he be unmarried, pay him, in quarter-yearly installments, a sufficient sum from the principal of his share to make his annual income up to eight thousand dollars ($8000) per year, and if he be married, then a sufficient · sum from the principal to make his annual receipt from the trustee equal to ten thousand dollars ($10,000); also if at any time my said son shall· desire to go into business for himself, and if his health and habits at such time and the proposed business are, in the judgment of the trustee, such as to make such proposed venture reasonable and desirable, then the trustee may pay over to him from the principal such sum, up to but not exceeding twenty thousand dollars, ($20,000,) as he may request for the proposed business period, such advance to be made only once and not repeated.   Immediately upon the death of my said son all of his share under this trust section C then remaining in the hands of the trustee shall be turned over, go and be distributed to his lawful issue, taking *per stirpes,* and if there be no such issue, then to the persons who would at such time be my heirs-at-law under the statutes of descent of the State of Illinois: *Provided,* that if my said son leave a

widow living harmoniously with him at the time of his death and no issue, then such widow shall have and receive the said remainder of his said share up to, but not exceeding, the sum of ten thousand dollars, ($10,000,) and the balance, if any, or all, if he leaves no widow and no issue, shall go to my heirs, as aforesaid."

Paragraph 4 of the amended bill alleged that Morris Rowland Dean was married to complainant in March, 1909, and that they lived together harmoniously as husband and wife from that time until his death, at the age of thirty-five, in January, 1912; that he left surviving him no issue, but left complainant, his widow, and his four sisters, surviving; that he did not in his lifetime draw the $20,000 authorized by the will in case of his going into business, and that complainant has received no part of the $10,000 bequeathed her by the will. Paragraph 5 of the bill alleges, in substance, that under trust section C, in addition to the income from one-fifth of the estate in the hands of the trustee, Morris Rowland Dean was authorized to draw upon the principal of the fund, to be used by him as his absolute property; that it was the intent of the testator that the entire fund should be used by his son, and that he did not intend to create or leave any certain sum for any person as a gift over, and that said principal sum had been greatly depleted in payments made therefrom to Morris Rowland Dean. The bill alleges that the gift over is so uncertain as to the subject that it is void, and said one-fifth of the estate vested absolutely in Morris Rowland Dean in his lifetime and descended to his heirs upon his death. The bill further alleges that it is manifest from paragraph 4 of the will that the testator intended to vest in his son, absolutely and without reservation or limitation, one-fifth of his estate, and that the division and distribution to the beneficiaries was postponed for the convenience and benefit of the estate or fund and not for reasons personal to said Morris Rowland Dean. Other paragraphs of the bill alleged

that the devise was of personal property and not of real estate, and that after the death of Morris Rowland Dean the complainant claimed that as his widow and heir-at-law she was entitled to the entire one-fifth part or share set apart under trust section C, and that the sisters of Morris Rowland Dean claimed the same as their sole and separate property under the construction placed by them upon said section of the will, and that the trustee had neglected and refused to pay complainant said fund or any part thereof. The bill prayed that the will be construed, the estate and interest of Morris Rowland Dean and the rights and interests of complainant in one-fifth of the principal in the hands of the trustee be defined and determined. The demurrers were sustained to the amended bill, except the part thereof in which complainant claimed to be entitled to $10,000 under trust section C. Afterwards, the complainant, by leave of court, filed an amendment to the amended bill, in which it was alleged that the act under which the Northern Trust Company was incorporated, and the act authorizing such corporations to act as trustee, were unconstitutional and void, in consequence of which the bequest to said Northern Trust Company, as trustee, was null and void and the heirs of the testator took his estate absolutely, as if no will had been executed.

The Northern Trust Company demurred to the amendment to the amendment, and assigned as special grounds of demurrer (1) that the bill was filed for the sole purpose of construing the will of John E. Dean and that the amendment was not germane; (2) that the amendment rendered the bill multifarious; and (3) that the matters and things alleged in the amendment to the amended bill in no manner affect the construction of the will nor invalidate or nullify any of its provisions. The demurrer to the amendment to the amended bill was sustained. The portions of the amended bill to which demurrers were overruled were answered, and upon a hearing a decree was entered finding

that complainant was entitled to, and ordering that she be paid by the trustee, $10,000 under the provisions of trust section C. The decree found that there was some ambiguity as to the meaning and legal effect of that portion of the will, and directed the payment of a solicitors' fee to complainant's solicitors of $1500 for services rendered. Complainant prayed and was allowed an appeal direct to this court. The Northern Trust Company also prayed and was allowed an appeal to this court from that portion of the decree ordering the payment to complainant of $10,000 and the payment to her solicitors of $1500.

After the court had entered an order sustaining the demurrers to the amended bill and reserving for hearing and determination the questions raised by the fourth paragraph of the bill, and the answer thereto, as to the rights of complainant under trust section C and her right to have a solicitors' fee assessed, the amendment to the amended bill was filed, alleging the act of 1887, under which the Northern Trust Company was incorporated, and also the act authorizing the administration of trusts by trust companies, were both unconstitutional and void, because (1) each embraced more than the one subject expressed in the title; (2) the act authorizing trust companies to become trustees violated the provision of section 22 of article 4 prohibiting the passage of any local or special law granting to a corporation any special or exclusive privilege; and (3) that both of said acts were in violation of section 2 of the bill of rights, that "no person shall be deprived of life, liberty or property without due process of law."

Upon the theory that the constitutionality of the statutes mentioned was involved in the decision of the case the appeal was taken directly to this court. No freehold was involved and no other question was raised to give this court jurisdiction of the appeal. The validity of the statutes mentioned was not pertinent to nor involved in the decision of this case. It was immaterial to a construction of the will,

which was the object of the suit, whether the. law under which the Northern Trust Company was organized, and the law authorizing the appointment of it as trustee, were valid or not.   If it was unauthorized to act as trustee that would not invalidate the will.   The trust created by the will for the benefit of Morris Rowland Dean was a valid trust even if the trustee was not eligible to be appointed to or to act in that capacity.   (1 Perry on Trusts, sec. 38.)   If the appointment of the Northern Trust Company as trustee was unauthorized because it could not act in that capacity, it would not alter or affect in any way the rights of appellant under the will.   That would only require the appointment of a new trustee.   "If a trust is cast upon a person incapable of taking and executing it courts of equity will execute the trust by the decree, or they will appoint some person capable of performing the requirements of the trust."   (1 Perry on Trusts, sec. 39.)   Courts of equity will not allow a trust to fail for want of a trustee.   (1 Perry on Trusts, sec. 240; *Wilson* v. *Clayburgh,* 215 Ill. 506; *French* v. *Northern Trust Co.* 197 id. 30.)   The author of the trust has the power to provide for the appointment of a successor in trust if the original trustee cannot act or fails to act for any reason, but where the author of the trust makes no such provision a court of chancery has power to make the appointment.   (*French* v. *Northern Trust Co. supra; West* v. *Fitz,* 109 Ill. 425.)   Where the statute has no relation to and is not involved in the decision of a suit, its validity can not be raised by the mere allegation of counsel in a pleading that it is invalid.   (*Chicago General Railway Co.* v. *Sellers,* 191 Ill. 524; *Chaplin* v. *Commissioners of Highways,* 126 id. 264; *Rowell* v. *Covenant Mutual Life Ass'n,* 176 id. 557.)   The record must show that the question of the validity of a statute was presented to the trial court for decision.   (*Opaque Cloth Shade Co.* v. *Veight,* 161 Ill. 337; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *McGrath,* 195 id. 104.)   "It is not enough for counsel

merely to say the validity of a statute is involved, to give us jurisdiction, for if that were the law every case might be brought here upon a simple assertion of counsel, however absurd that assertion might be. The record must show that the validity of the statute is in good faith, and not simply pretendedly, involved to give us jurisdiction on that ground." *St. Louis Transfer Co.* v. *Canty*, 103 Ill. 423.

No question of the validity of a statute is involved in this case, and there being no other ground upon which it is claimed this court has jurisdiction of the appeal, the cause is ordered transferred to the Appellate Court for the First District.