Dean v. The Northern Trust Co., 186 Ill. App. 139.

## Edna Morgan Dean, Appellant, v. The Northern Trust Company, Trustee, et al., Appellees.

## Gen. No. 19,647.

1. WILLS, § 435*—*when allowance to complainant of attorneys' fees on bill to construe a will improper.* Where on a bill filed to construe a will the chancellor allowed the complainant a certain amount as attorneys' fees, *held* that the provisions of the will were not ambiguous and uncertain so as to justify an allowance of attorneys' fees.

2. WILLS, § 436*—*when finding that wife of heir was living harmoniously with him at time of his death sustained by the evidence.* On bill to construe a will providing that in case of death of one of the heirs the widow of such heir should become entitled to a certain amount of a trust fund in case she was living harmoniously with him at the time of his death, a finding that they were so living together *held* sustained by the evidence, there being evidence that they lived together for three months and no evidence in the record tending to show that they ever ceased to live together or that they ever lived together otherwise than harmoniously.

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in this court at the March term, 1913. Decree modified and affirmed. Opinion filed May 4, 1914. *Certiorari* denied by Supreme Court (making opinion final).

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

Daniel W. Scanlan, Patrick H. O'Donnell and Elijah N. Zoline, for appellant.

Judah, Willard, Wolf & Reichmann, for appellee Northern Trust Company.

Alvin W. Wise, for appellees Blanche Isabelle Blackman et al.

Mr. Presiding Justice Baker delivered the opinion of the court.

John E. Dean died testate November 10, 1908, leaving four daughters and a son, Morris Rowland Dean, his only heirs at law. The son died January 12, 1912, leaving appellant, Edna Morgan Dean, his widow, but no issue. The testator also left a widow. By a compromise agreement between the widow and the children of the testator she released all claim to her husband's estate and the controversy here is wholly between Edna Morgan Dean and the sisters of her deceased husband.

She filed a bill in the Superior Court April 8, 1912, against the Northern Trust Company as trustee and the sisters of her husband for the construction of the will of John E. Dean. November 1, 1912, she filed her amended bill for the same purpose. Both the will and the amended bill are divided into numbered paragraphs. The only portions of the will involved in this litigation are paragraph 4 and trust section C of paragraph 5, which are as follows:

"Paragraph 4. If, after making the payments and gifts above in paragraphs 1, 2 and 3 provided for, the rest and remainder of my estate, of all kinds, should, for any reason now unforeseen, not amount in value to the sum of three hundred thousand dollars ($300,000) then and in that case I give, devise and bequeath to my five (5) dear children, to-wit, Morris Rowland Dean, Blanche Isabelle Blackman (formerly Blanche Isabelle Dean), Grace F. D. Wood (formerly the wife of John E. Wood), Marian Dean and Evelyn Dean, for their own use and behoof forever, in equal parts, share and

share alike, all of the said rest and remainder of my property and estate, of all kinds whatsoever; *Provided, however,* that if at the time of my death one or more of my above named daughters shall have already departed this life, then the share or shares of the daughters so deceased shall forthwith go and be turned over to her or their respective devisees in accordance with her or their respective wills, if she or they shall have left a last will or wills, and in any case where there be no such last will, then to her or their respective heirs-at-law under the Statute of Descents of the State of Illinois; and if at the time of my death my said son, Morris, shall already have departed this life, his share shall forthwith go and be turned over to his heirs-at-law under said Statute of Descents.

PARAGRAPH 5.  If my estate and property, after making the payments and gifts above in paragraphs 1, 2 and 3 above provided for, does, as I believe it certainly will, amount in value to more than the sum of three hundred thousand dollars ($300,000) then and in that case I give, devise and bequeath to the Northern Trust Company of Chicago, as trustee, in trust, all of my property and estate, of all kinds whatsoever, remaining after making the payments and gifts above in paragraphs 1, 2 and 3 provided for, for and upon the following trusts, terms and purposes, to-wit:  *   *   *

TRUST SECTION C.  One-fifth (1/5) of all the trust estate and property remaining after the provision for my wife, set forth above in trust section B shall be held and applied subject to the provisions and terms and conditions below in this Section C contained, to and for the use and benefit of my said son, Morris; that is to say, all the net income from said one-fifth (1/5) shall be paid over to him upon his written orders or receipts at quarter-yearly periods during his life and until his death, and in addition to said net income the trustee shall, beginning fifteen (15) months from my death, if he be unmarried, pay him, in quarter-yearly installments, a sufficient sum from the principal of his share to make his annual income up to eight thousand dollars ($8,000) per year, and if he be married, then a sufficient sum from the principal to make his annual receipt from the trustee equal to ten thou-

sand dollars ($10,000); also if at any time my said son shall desire to go into business for himself, and if his health and habits at such time and the proposed business are, in the judgment of the trustee, such as to make such proposed venture reasonable and desirable, then the trustee may pay over to him from the principal such sum, up to but not exceeding twenty thousand dollars ($20,000) as he may request for the proposed business period, such advance to be made only once and not repeated. Immediately upon the death of my said son all of his share under this trust section C then remaining in the hands of the trustee shall be turned over, go and be distributed to his lawful issue, taking *per stirpes,* and if there be no such issue, then to the persons who would at such time be my heirs-at-law under the statutes of descent of the State of Illinois: *Provided,* that if my said son leave a widow living harmoniously with him at the time of his death and no issue, then such widow shall have and receive the said remainder of his said share up to, but not exceeding, the sum of ten thousand dollars ($10,000) and the balance, if any, or all, if he leaves no widow and no issue, shall go to my heirs, as aforesaid."

Paragraph 1 of the amended bill alleged that the estate of John E. Dean amounted to more than $1,300,-000, and that $879,150.43 was paid to the trustee to be held on the trust created by the will.

Paragraph 4 of the amended bill alleged that Morris Rowland Dean was married to complainant in March, 1909, and that they lived together harmoniously as husband and wife from that time until his death, at the age of thirty-five, in January, 1912; that he left surviving him no issue, but left complainant, his widow, and his four sisters, surviving; that he did not in his lifetime draw the $20,000 authorized by the will in case of his going into business, and that complainant has received no part of the $10,000 bequeathed her by the will. Paragraph 5 of the bill alleges, in substance, that under trust section C, in addition to the income from one-fifth of the estate in the hands of the trustee,

Morris Rowland Dean was authorized to draw upon the principal of the fund, to be used by him as his absolute property; that it was the intent of the testator that the entire fund should be used by his son, and that he did not intend to create or leave any certain sum for any person as a gift over, and that said principal sum had been greatly depleted in payments made therefrom to Morris Rowland Dean. The bill alleges that the gift over is so uncertain as to the subject that it is void, and said one-fifth of the estate vested absolutely in Morris Rowland Dean in his lifetime and descended to his heirs upon his death. The bill further alleges that it is manifest from paragraph 4 of the will that the testator intended to vest in his son, absolutely and without reservation or limitation, one-fifth of his estate, and that the division and distribution to the beneficiaries was postponed for the convenience and benefit of the estate or fund and not for reasons personal to said Morris Rowland Dean. Other paragraphs of the bill alleged that the devise was of personal property and not of real estate, and that after the death of Morris Rowland Dean the complainant claimed that as his widow and heir at law she was entitled to the entire one-fifth part or share set apart under trust section C, and that the sisters of Morris Rowland Dean claimed the same as their sole and separate property under the construction placed by them upon said section of the will, and that the trustee had neglected and refused to pay complainant said fund or any part thereof. The bill prayed that the will be construed, the estate and interest of Morris Rowland Dean and the rights and interests of complainant in one-fifth of the principal in the hands of the trustee be defined and determined. The demurrers were sustained to the amended bill, except the part thereof in which complainant claimed to be entitled to $10,000 under trust section C. The defendants demurred to all of the amended bill except paragraph 4 and answered that paragraph denying that complainant was living har-

moniously with her husband at the time of his death. The court sustained the demurrers to so much of the bill as was demurred to and dismissed the same. The court found and declared that there was no ambiguity or uncertainty in the meaning of the language of the will of John E. Dean except that there was some ambiguity in that part of the will designated ''Trust Section C,'' providing that the widow of Morris Rowland Dean should have from the estate $10,000 if she was living harmoniously with her husband at his death. The decree ordered the trustee to pay $10,000 to complainant as the widow of Morris Rowland Dean; found that $1,500 was a reasonable fee for the services rendered by complainant's solicitors in and about the construction of that portion of the will requiring construction, as stated in the decree, and ordered the trustee to pay to complainant for her solicitors' fees the sum of $1,500. From this decree the complainant and the trustee appealed to the Supreme Court and that court transferred the case to this court. *Dean v. Northern Trust Co.*, 259 Ill. 148.

The provisions of paragraph 4 of the will as to the disposition of the estate in case the remainder of the estate after making certain payments and gifts did not amount in value to $300,000 may be disregarded. The contingency so provided for never happened, for the bill averred that the estate amounted to more than $1,300,000 and that nearly $900,000 was paid over to the trustee. The provisions of paragraph 4 never became operative and the rights of the parties are not affected by any of its provisions.

The language of the first clause of paragraph 5 of the will is clear; the estate amounted to more than $300,000 and the property of the testator remaining after the payments and gifts mentioned in the will passed to the trustee on the trusts declared and created by the will. Under trust section C one-fifth of the trust estate bequeathed and devised to the trustee was to be

held and applied by it to and for the use and benefit of Morris Rowland Dean as follows:

(a)    All the net income from said one-fifth share was to be paid over to him upon his written orders at quarterly periods during his life and until his death.

(b)    In addition, the trustee was, beginning fifteen months after the death of the testator, if necessary, to make a sum sufficient from the principal of the one-fifth share in question, which, when added to the net income therefrom, should make his total income or annuity $8,000 or $10,000 per year, as the case might be.

(c)    If at any time Morris Rowland Dean should desire to go into business for himself and his health and habits at such time and the proposed business were, in the judgment of the trustee, such as to make such proposed venture reasonable and desirable, then the trustee was permitted to pay over to him from the principal of said one-fifth share a sum up to but not exceeding $20,000, as he might request for the proposed business, such payment to be made only once and not repeated.

All that Morris Rowland Dean was to get out of his father's estate was that which the trustee was directed by trust section C to pay to him. The remainder of that section provides what shall be done at the death of Morris Rowland Dean with the one-fifth of the estate of the testator which the trustee was to hold and apply to and for his use and benefit in his lifetime. It provides that on the death of Morris Rowland Dean his share, under trust section C, remaining in the hands of the trustee shall be turned over, go and be distributed as follows:

(a)    If he left lawful issue at the time of his death, it was to go and be distributed to such issue, taking *per stirpes.*

(b)    If he left no such issue, but left a widow, living harmoniously with him at the time of his death, then the widow was to have and receive a sum not exceeding $10,000 out of said share, and the balance was to go

and be distributed to the persons who, at the time of the death of Morris Rowland Dean, would be the heirs at law, under the statutes of descent of the State of Illinois, of John E. Dean, deceased, the testator.

(c) If he died leaving no widow and no issue, then all of said one-fifth share remaining in the hands of the trustee was to go and be distributed to said heirs at law as aforesaid.

There is in the provisions of trust section C in question no ambiguity or uncertainty. It was a bequest and devise of property to a trustee for the benefit of a beneficiary during his life with remainder over absolutely to certain specified persons. The language of the section is clear and explicit and there is no necessity or even room for construction. The chancellor properly sustained the demurrer to so much of the bill as was demurred to and dismissed the same.

We are unable to concur in the conclusion reached by the chancellor that there was anything ambiguous in the provision that in case of the death of Morris Rowland Dean leaving a widow but no issue the widow should receive the remainder of his share up to but not exceeding $10,000. We see nothing in this provision to authorize or support a bill for the construction of the will.

The question whether the chancellor might from the evidence properly find that the complainant was living harmoniously with her husband at his death is not free from difficulty. The bill alleged that she was so living with her husband at his death and the answer denied the allegation. The only evidence on the subject is the testimony of Dr. Croker that complainant and her husband lived together as husband and wife; that he knew that they lived together three or four months. There is in the record no evidence tending to show that the parties ever ceased to live together as husband and wife or that they ever lived together otherwise than harmoniously; and we cannot say that the finding of the chancellor that they were living together harmo-

niously at the time of the husband's death is so manifestly against the evidence as to require a reversal of that portion of the decree which directs the trustee to pay her $10,000.

It follows from our conclusion that there is not in any part of the will anything to require or authorize the filing of a bill to have the will construed; that in our opinion complainant was not entitled to an allowance of $1,500 for her solicitors' fees in the cause.

The decree of the Superior Court is amended by striking out therefrom that portion thereof which orders that complainant shall receive from the trust estate and that the Northern Trust Company as trustee under the will of John E. Dean, deceased, pay to her $1,500 as and for her solicitors' fees in the cause, and as modified the decree is affirmed.

*Decree modified and as modified affirmed, each party to pay the costs made by such party.*