## REBECCA HETFIELD

*v.*

## WILLIAM FOWLER *et al.*

1. WILL—*trustees—legatees—residuary estate.* A testator, by his will, bequeathed, after willing all of his property to his executors in trust, and giving specific legacies, the residue of all his property, real and personal, to his three sisters, limiting it to their use during their natural lives, and at their deaths, respectively, to their children; but by another clause, he gave to these three sisters each a legacy of $3000, absolutely: *Held,* that this bequest only conferred a life estate on the legatees, with the remainder to their children; nor does the word "fee," as used in the will, overcome the clear intention to give a life estate; nor does it limit such estate to the realty.

2. BEQUEST OF PERSONAL PROPERTY—*life estate.* A testator may bequeath a life estate in personal property to another, and limit a remainder on it.

3. WILL—*carrying it into effect.* In such a case, if there was power to order the money to be paid to the legatees, to secure those in remainder, it would be proper to require of the legatees to execute bond with good security for the faithful application of the fund, but a fair construction of the will requires the fund to remain in the hands of the trustees, and that they should pay to the legatees the income arising from the trust fund.

4. CROSS ERRORS. When the court below, in such a case, ordered the executors to pay the fund to the legatees on their giving bond with good security, the executors, upon an appeal by the legatees, may assign cross errors, and have such an order reversed.

APPEAL from the Circuit Court of Iroquois county ; the Hon. CHARLES H. WOOD, Judge, presiding.

Messrs. RANDALL & FULLER, for the appellant.

Messrs. ROFF, DOYLE & McCULLOUGH, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The only question on this record, is upon the construction of the will of John White, deceased; and especially its sixth clause, whether, thereunder, the three sisters of the testator, of whom appellant was one, took the residuary estate thereby given to them, absolutely, or only the use of it during their natural lives.

The sixth clause is as follows :

"Sixthly.—I give and bequeath the residue of all the proceeds of all my real and personal estate to my three sisters, Nancy Sherman, Eleanor Fowler, and Rebecca Hetfield, to be divided equally among them, it being the intention of this, my last will, that each and all of my three full sisters, aforesaid, shall have the use of all the real estate and personal property willed to each of them, respectively, or the proceeds of said real estate if they should see fit to sell the same, and the use only for their natural lives, and at their death to go respectively to their several children, in equal parts, in fee."

Another clause of the will gave to these sisters a legacy of $3000 each, absolutely.

It seems very clear, that it was the intention of the testator to give only a life estate in this residuary property to his sisters. He took pains to emphasize his meaning in this respect, that they were to have the use only of the property, by a repetition of it in the words, "and the use only for their natural lives."

There is hardly room for construction as to the meaning of the testator. Whatever question the language might raise in regard to the power to sell the real estate, it leaves the meaning clearly expressed, that the proceeds of the real estate, if

sold, should not go to the sisters of the testator, absolutely, but that they should enjoy the use thereof only for their natural lives.

It is said that the word "fee" is a term applicable only to real estate, and that the limitation over, after their death, to their children, in equal parts, in fee, evinces that only the real property was to go to the children, and was limited over to them, and that the personal property was given, absolutely, to the sisters.

But the use of the word "fee," in that connection, can not be accepted as controlling a.clearly expressed intention, to give the use, only, of the personal property.

It is contended that there can be no life estate in personal property ; that having the entire use of it can not be anything but ownership. But the law is clearly settled otherwise. *Boyd et al.* v. *Strahan,* 36 Ill. 355 ; *Waldo et al.* v. *Cummings et al.* 45 Ill. 423, and authorities cited.

This case arose on a motion made by the appellant in the county court, that the appellees, the executors of the will of John White, pay over the residue of the estate remaining in their hands to the appellant and her two sisters, the residuary legatees.named in the will.

The court ordered the same to be paid over on the legatees giving bond, with good security, that the moneys, at the time of their death, should go to their children.

It is objected that the executors had no right to raise such a question of giving a bond; that the testator did not require his sisters to give any bond; that the executors had no authority to require it, neither had the county court. And the case of *Waldo* v. *Cummings, supra,* is referred to as precisely in point, in support of the objection. In that case, the will directed that, when the younger of the two children of the testator should arrive at the age of twenty-one years, the executors should pay to them the personal estate ; and it was held, that where trustees under a will receive property to hold for a limited period, and then to be paid to persons named in the will,

they have no option in the matter; they have only to execute the will, without imposing conditions not contained in the will, and that they had no right to require a bond for the preservation of the property for those in remainder.

But the case before us presents a marked difference. The testator here devises all his real and personal estate to his executors, in trust, after the payment of debts and legacies, to distribute the residue as designated in the will, giving them full power to sell and dispose of the estate, as to them should seem for its best advantage, and requires them to give bond in the sum of $150,000, with three sureties, naming one of them, for the faithful performance of the trusts of the will.

There is no direction to the executors to pay over the residuary property to these sisters at any specified time, or at all. The intention is not manifested that the latter were to have the absolute control of the property, but only the use of it.

What is to execute the will in this case? In the case cited, it is clear that it was to pay over the money at a specified time. But here, as these residuary legatees were to have the use, only, of the property for their natural lives, and then it was to go to their children, was it not, in the fair execution of the will, and in the performance of one of its trusts, to retain in the hands of the executors the principal, to pay over to the children upon the happening of the event when they would be entitled to it, and pay the interest on it to the testator's sisters? This would seem to be better carrying out the purposes of the will, than to pay the fund to the sisters, placing it under their absolute control and power of disposal, whereby, at their death, there might be nothing left of it to pass to their children. The reception of the interest would, essentially, be enjoying the use of the fund. At least, the exacting of reasonable security, on payment over of the funds, for its preservation for those entitled in remainder, would seem to be no more than acting in the line of the faithful performance of the trusts of the will.

The taking of the bond we regard as but a reasonable precaution, and a proper requirement of the court.

The errors assigned on the part of the appellant are not well founded; but, on the contrary, we are of opinion the executors should not have been required to pay over the money to these residuary legatees, even on the condition prescribed by the court. The testator, by his will, placed all his property in the hands of his executors, in trust, requiring of them a large bond for its fulfillment, with a prescribed number of sureties, designating one of them by name, and we think it fit, and that the wishes of the testator, with regard to all the objects of his bounty, would, in that way, be likely to be better carried out, that the principal moneys should remain in the hands of the executors, trustees of the testator's own selection, they paying over to those legatees the income thereof.

For the error in this respect, urged on the part of the appellees, the order of the court below is reversed and the cause remanded, at the costs of the appellant.

*Judgment reversed.*