ROYAL INSURANCE COMPANY OF LIVERPOOL v. DAVID F. CLARK.[1]

June 27, 1895.

Nos. 9487—(162).

**Bond of Insurance Agent—Action against Surety.**

One J., as agent of an insurance company, executed to it a bond upon which the appellant was surety, and which contained a recital as follows: "That whereas, the above-named Ernest W. Judson has been duly appointed by the aforesaid company their agent at Marshfield, Wisconsin, and vicinity, county and state aforesaid, during the pleasure of the manager and attorney thereof, and by reason whereof, and as such agent, he will receive into his hands and possession divers sums of money, policies, chattels, and other effects, the property of said company, and is bound to keep true and accurate account of said property and of receipts and disbursements, and to deliver, account for, and pay over the same when demanded and directed, according to the instructions of said company or its manager, and to conduct the business according to the general and specific instructions of the company aforesaid." J. insured certain property, and issued a policy which the company refused to accept, and directed the agent to cancel it, and return the premium to the insured, which he promised to do, and notified the company that he had done so, which was not true, and he retained the premium. The insured property was burned, and the company was compelled to pay the loss. *Held* that, upon such default of J., C., as his bondsmen, was liable for the loss which the company was legally compelled to pay the insured.

**Same—Defense.**

The property insured and destroyed by fire was situate in Fifield county, Wisconsin, but it does not appear whether Fifield is near or in the vicinity of Marshfield, nor whether the insurance business done at Fifield would be tributary to the insurance agency at Marshfield; but *held* that, fairly interpreted, the language of the bond means that J. was appointed agent at Marshfield, Wood county, Wisconsin, and that such agency extended, not only to Marshfield, but to its vicinity, and authorized him to transact such insurance business as would be reasonably tributary to Marshfield, and that considering the nature and manner of doing insurance business, if in this respect Fifield is not in the vicinity of Marshfield, nor its insurance business tributary thereto, this is a matter of defense, and cannot be raised upon demurrer.

[1] Reported in 63 N. W. 1029.

Appeal by defendant from an order of the district court for Hennepin county, Russell, J., overruling a demurrer to the complaint. Affirmed.

*C. R. Cameron* and *Brooks & Hendrix,* for appellant.

*Kitchel, Cohen & Shaw,* for respondent.

BUCK, J. This action is brought upon a bond made by one Judson, as principal, and the defendant, David F. Clark, as surety. The ground of the action is that there was a breach of the condition of the bond, in that Judson, as plaintiff's agent, failed to cancel a policy issued by him, although he was specifically directed to make the cancellation, and had the premium in his hands.

The policy was issued by Judson on June 19, 1893, and covered certain property in Fifield, Price county, in the state of Wisconsin. The policy contained these words: "This policy shall not be valid until countersigned by the duly-authorized agent of the company at Marshfield, Wisconsin." And it was so countersigned by Judson, as plaintiff's agent, June 19, 1893. On June 22, 1893, the plaintiff objected to the risk, and on July 1, 1893, instructed Judson to cancel the policy at once; and on July 14, thereafter, Judson informed the company that he had canceled the policy and paid back the premium, but in fact he had not, nor did he even attempt to do so. The premium was never paid the company. On July 27, 1893, the insured property was totally destroyed by fire; and, in December following, the company was compelled to pay the sum of $446.43 by reason of this loss; and it is for this amount that this suit is brought against Clark, as Judson's bondsman.

The recital in the bond reads as follows: "That whereas, the above-named Ernest W. Judson has been duly appointed by the aforesaid company their agent at Marshfield, Wisconsin, and vicinity, county and state aforesaid, during the pleasure of the manager and attorney thereof, and by reason whereof, and as such agent he will receive into his hands and possession divers sums of money, policies, chattels, and other effects the property of said company, and is bound to keep true and accurate account of said property and of receipts and disbursements, and to deliver, account for, and pay over the same when demanded and directed, according to the instructions of said company or its manager, and to conduct the business accord-

ing to the general and specific instructions of the company aforesaid."

The obligation of the bond required Judson to well and truly perform all the duties as such agent as set forth in the recital. Judson failed to cancel the policy, and it is plain that he negligently omitted to comply with the instructions of the company or its manager in the management of the trust committed to him, and for this negligence he is personally responsible. Clark, as his bondsman, was bound to see that these duties were well and faithfully performed; and, in case of failure on the part of Judson in this respect, Clark, as such bondsman, is also responsible. It seems to us that there is no debatable ground for any other construction to be placed upon the terms of this bond and the liability of Clark. It is contended, however, that the insured property was situate in Price county, Wisconsin, and that, by the terms of the bond, Judson had no authority to insure property in that locality; that, by the very terms of the bond itself, all liability on the part of Clark as bondsman could only arise as to property insured at Marshfield and vicinity, and that this was restricted to Wood county, Wisconsin. We do not so construe the language of the bond. Fairly interpreted, it means that Judson was appointed agent at Marshfield, Wood county, in the state of Wisconsin, and that such agency extended, not only to Marshfield, but to its vicinity, and authorized him to transact such insurance business as would be reasonably tributary to Marshfield. Where Fifield, in Price county, is situated in reference to Marshfield, in Wood county, does not appear from the record, nor are we so advised by the counsel for the respective parties. If, considering the nature of the insurance business and the customary manner in which it is carried on, Fifield is not in such respect in the vicinity of Marshfield, nor the insurance business reasonably tributary thereto, that is a matter of defense, and the question cannot be raised upon this demurrer.

The order sustaining the demurrer is therefore affirmed.