EDNA MORGAN DEAN, Plaintiff in Error, vs. THE NORTH-
ERN TRUST COMPANY et al. Defendants in Error.

*Opinion filed December 16, 1914.*

1. WILLS—*testator's intention must prevail if consistent with
the rules of law.* The intention of the testator as expressed in
the will must prevail if it be consistent with the rules of law.

2. SAME—*when a provision devising an estate in fee does not
control.* A provision of a will devising the testator's estate to his
widow and children in fee upon the contingency that his estate
should not exceed $300,000 does not control subsequent provisions
creating trusts for the children, where the testator left an estate
of more than one million dollars.

3. SAME—*what does not defeat a gift over after a life estate.*
Where the first taker is given a life estate, only, with power to
consume the whole or a part of the principal or even to dispose of
it during his lifetime, the gift over after the life estate is not ren-
dered invalid because of the uncertainty as to the quantity of the
estate which may remain at the end of the life estate. (*Burke* v.
*Burke*, 259 Ill. 262, followed; *Wilce* v. *VanAnden*, 248 id. 358,
distinguished.)

4. SAME—*there may be a gift over after a life estate in per-
sonal property.* If the will clearly manifests an intention that the
first taker shall have a life estate, only, a gift over is not invalid
even if the estate consists of personal property of a durable nature.

5. SOLICITORS' FEES—*when complainant is entitled to have her
solicitors' fees borne by estate.* Where the testator has expressed
himself so ambiguously as to make it necessary to resort to a
court of chancery to obtain a construction of the will in order to
determine the complainant's rights under the will, it is proper to
allow a reasonable amount for complainant's solicitors' fees, to be
paid out of the estate.

WRIT OF ERROR to the Appellate Court for the First
District;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. M. L. McKINLEY, Judge,
presiding.

DANIEL W. SCANLAN, and PATRICK H. O'DONNELL,
(ELIJAH N. ZOLINE, of counsel,) for plaintiff in error.

Judah, Willard, Wolf & Reichmann, and Alvin W. Wise, for defendants in error.

Mr. Justice Carter delivered the opinion of the court:

This was a bill filed by plaintiff in error, Edna Morgan Dean, in the superior court of Cook county, for the construction of the will of John E. Dean, the father of her deceased husband. John E. Dean died in 1908, testate, leaving four daughters and a son, Morris Rowland Dean, his only heirs-at-law, and also leaving a widow him surviving. His will was duly probated. By a compromise agreement entered into with the heirs the widow accepted $193,750 as her share of the estate. The son, Morris Rowland Dean, died January 12, 1912, intestate, without issue, leaving plaintiff in error as his widow. The bill sets forth various averments as to what should be the proper construction of the will and prays that the rights of said Morris Rowland Dean be determined by the court. The will is of considerable length. The particular portions necessary to be set forth at length for a consideration of the questions here involved will be found in *Dean* v. *Northern Trust Co.* 259 Ill. 148, being paragraph 4 and part of paragraph 5. The will previous to paragraph 4 provides for the payment of debts and some comparatively small legacies. Paragraph 5 is the main part of the instrument, and includes not only trust section C, but trust sections A, B, D, E, F and G, setting out at some length the testator's wishes with reference to the property and interests left to his wife and children in trust. An answer was filed denying the allegation of the bill that plaintiff in error was living harmoniously with her husband at the time of his death, and demurrers were filed to all the other allegations. The trial court sustained demurrers to the bill, except the portion wherein the complainant prayed for the allowance to herself of a sum not exceeding $10,000, and entered a decree, based on that portion of the bill, ordering that

the Northern Trust Company, as trustee, pay to her such amount. The decree also found that there was some ambiguity as to the meaning and legal effect of portions of the will and that it required construction, and therefore allowed $1500 fees to plaintiff in error's solicitors, to be paid out of the estate. On appeal from that decree to this court the cause was transferred to the Appellate Court for the First District. (*Dean* v. *Northern Trust Co. supra.*) That court modified the decree of the superior court by striking out the provision concerning the payment of solicitor's fees and affirmed the decree so modified. The cause was then brought to this court by petition for *certiorari.*

Plaintiff in error first argues that the "gift over" clause in said trust section C was intended to take effect only in the event the son, Morris Rowland Dean, did not survive the testator. Under the wording of the will this argument is manifestly without merit. The will provided that the share should be held in trust for the son during his lifetime and until his death, making other arrangements in the event that the son should marry or go into business. The provision of the will in trust section C here relied upon plainly refers to the death of the son after the death of the testator, contemplating that the son might live for many years after his father's death. This interpretation of the will, without question, follows the intention of the testator as shown therein. The first and great rule in the exposition of a will, to which all other rules must bend, is, that the intention of the testator as expressed in his will must prevail if it be consistent with the rules of law. *Bradsby* v. *Wallace*, 202 Ill. 239; *Wardner* v. *Baptist Memorial Board*, 232 id. 606.

Plaintiff in error next argues that that portion of trust section C reading, "this balance, if any, or all, if he leaves no widow and no issue, shall go to my heirs as aforesaid," must be construed to mean that before the heirs of John E. Dean can claim any interest in the son's share the son

must die leaving no widow and no issue; that as he left a widow the contingency under which the heirs of the testator took an interest in the share did not arise. The quoted provision, considered in connection with that part of the will immediately preceding, can be interpreted in no other way than that the will meant that the widow should under certain conditions receive not exceeding $10,000, and if there was any balance of the son's share after paying that amount,—that is, if he had not already drawn on the principal, as provided by the will, to such an extent that there was no balance,—then such balance should go to the testator's heirs; that if the son, Morris, left no widow or issue, all of the remainder should go to the heirs. This argument of plaintiff in error finds no support from any reasonable construction of the will.

Counsel for the plaintiff in error next argue that under paragraph 4 the testator bequeathed the estate in fee simple to his various children, and that the subsequent provisions of the will do not impair or lessen the rights and interests of the son acquired under said paragraph 4; that Morris R. Dean therefore took an undivided one-fifth interest in fee in said estate upon his father's death, plaintiff in error being entitled to the interest in said share which the laws of descent in this State allow a widow in case there are no issue. With this we cannot agree. By paragraph 4 the testator clearly intended to provide for the disposition of his estate in the contingency that he should die leaving an estate (after making certain comparatively small payments) less than $300,000 in value. He fully expected to have more, because the will states, "if, for any reason now unforeseen," he should not have more, such disposition as is provided in paragraph 4 should be followed, and in paragraph 5 he positively stated that he believed that his estate would amount to more than that. It is conceded, and the allegations of plaintiff in error's bill state, that the testator left an estate amounting to more than $1,300,000.

It is quite evident that the testator inserted paragraph 4 in his will to cover an emergency if his estate turned out to be small compared with what he then thought he had. In the latter case it was to be divided among the five children and the widow without burdening the shares by placing them in trust. The contingency provided for as to the value of the estate in paragraph 4 did not happen. That paragraph, alone, does not govern the interest which the son, Morris, took in his father's estate. The whole will must be read together. So read, the son merely obtained the right to the income in a portion of the testator's property for the first fifteen months after the death of the said testator and to a fixed annuity thereafter during his natural life. (*Routt* v. *Newman,* 253 Ill. 185; *French* v. *Calkins,* 252 id. 243.) The intention of the testator being clear on this question, the authorities cited by counsel for plaintiff in error need not be considered.

Counsel further earnestly insist that the gift over in the latter part of said trust section C is void for uncertainty as to subject matter, because, as the testator authorized the use of the principal as well as the interest of the fund, it was uncertain whether there would be anything left in the hands of the trustees for the purpose of the gift over. It is the settled law of this State that where the first taker is given a life estate, only, with power to consume the whole or a part of the estate, or even to dispose of it during his lifetime by will or otherwise, the gift or devise over, after the life estate, is not rendered invalid because of the uncertainty as to the quantity of the residuary estate. (*Harvard College* v. *Balch,* 171 Ill. 275; *Hawkins* v. *Bohling,* 168 id. 214; *Skinner* v. *McDowell,* 169 id. 365; *Bevans* v. *Murray,* 251 id. 603.) It seems to be conceded by counsel for plaintiff in error that these decisions and many others in this State so hold, but it is argued that this court in *Wilce* v. *VanAnden,* 248 Ill. 358, has, in effect, overruled the holding of these other

266 – 14

decisions. In this, counsel are mistaken. This court has recently had occasion to review the *Wilce case* on this point in *Burke* v. *Burke,* 259 Ill. 262, and it was there held that the proposition upon which the *Wilce case* was decided was, not that the possible exhaustion of the fund by its application to prior demands upon it before its application to the purposes of the trust rendered the subject matter of the trust uncertain, but that there was no fund which could be the subject matter of a trust where its application to the purposes of the trust depended upon the absolute and unconditional discretion of the person in control of the fund. In such a case there is nothing which a court of equity can lay hold of,—nothing binding on the conscience. The reasoning in the *Burke case* is conclusive here and clearly distinguishes *Wilce* v. *VanAnden, supra.* We see no reason to change the law as laid down in a long line of previous decisions and as again stated in *Burke* v. *Burke, supra.*

In this connection it is further urged that the subject of the gift over being money, such gift must be held void. The general rule, of course, is, that where a will bequeaths personal property to be at the absolute disposition of the legatee, he becomes, in the absence of all clauses showing a contrary intent on the part of the testator, the absolute owner, but when by the will the intention is clearly shown to give to the first taker a life estate, only, then the limitation over is not repugnant to the bequest of such life estate. "An estate for life may be created in personal property of a durable nature, with remainder over, and in such case the property remaining is to be distributed to the remainder-men." *Dickinson* v. *Griggsville Nat. Bank,* 209 Ill. 350, and cases cited.

Counsel further contend that the Appellate Court erred in reversing the decree of the superior court as to solicitor's fees for plaintiff in error. The general rule as to solicitors' fees in cases concerning the construction of wills is, that

when the testator has expressed his intention in his will so ambiguously as to make it necessary to go into a court of chancery to get a construction of the will in order to determine which of two or more adverse claims to the same fund or property is valid, the costs of the litigation should be borne by the fund or property in question. (*Kendall* v. *Taylor,* 245 Ill. 617, and cases cited.) No will containing the exact provisions found in this one has been called to our attention by counsel on either side. It is apparent from this record that plaintiff in error was compelled to go into a court of chancery in order to obtain the $10,000 legacy. This being so, is it not a fair inference that the parties differed fairly as to the construction that should be placed on the will? The rule in question should receive a reasonable application. In our judgment the chancellor was justified in allowing solicitor's fees for plaintiff in error, and the Appellate Court erred in setting aside that portion of the decree.

Defendants in error filed cross-errors, insisting thereunder that the court erred in allowing plaintiff in error $10,000, because she had failed to show that she was living harmoniously with her husband at the time of his death. The record shows that plaintiff in error and Morris Rowland Dean were married and had lived together as husband and wife. No evidence was introduced by defendants in error to show that plaintiff in error and her husband were not living together harmoniously at the time of his death. There might be a difference of opinion as to what testator intended to mean by "living together harmoniously." The same terms were used in other parts of the will with reference to his daughters if they were married. All people would not agree as to what was harmonious living together of husband and wife. Certainly the testator did not intend that husband and wife must be in full accord on all matters of politics, religion, the management of the house, their method of dressing, and many

other things. While the proof as to their living together at the time of his death is not very definite, we are not disposed to disturb the finding of the chancellor on this point.

For the reasons given, the judgment of the Appellate Court will be reversed and the decree of the superior court affirmed.

*Judgment reversed.*