## E. W. Dunham, Administrator, et al., Appellants, v. John H. Hungate, Executor, Appellee.

1. EQUITY—*when motion for leave to intervene is properly denied.* A motion for leave to intervene in a suit for the purpose of presenting claims for services as attorneys in another suit was properly denied where the suit in which intervention was sought was not one for the determination of what claims should be paid out of the fund involved but for leave to sell land to pay claims already allowed.

2. EXECUTORS AND ADMINISTRATORS—*when expenses of litigation can properly be paid out of estate.* It is only where the terms of a will are so ambiguous as to make it necessary to go into a court of chancery to get a construction of them, and some one properly begins a suit for that purpose, that the expenses of the litigation can properly be paid out of the deceased's estate.

3. EXECUTORS AND ADMINISTRATORS—*when motion for leave to intervene in suit is properly denied.* Where parties seek intervention in a suit involving an estate, for the purpose of presenting a claim for services as attorneys in another suit begun by them, the motion is properly denied where the suit in which the services were rendered was not begun to construe the will involved but to destroy it, and the substance of the holding of the court in that case was merely that the will needed no construction and was not void for uncertainty.

Appeal from the Circuit Court of Hancock county; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed October 25, 1921.

J. PAUL CALIFF and R. B. O'HARRA, for appellants.

C. W. WARNER, WILLIAM H. GOVERT and D. E. MACK, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

This is an appeal by E. W. Dunham, administrator of the estate of Clara M. Laswell, deceased, Apollos W. O'Harra and Charles J. Scofield, jointly and severally, from an order denying their motion for leave to

intervene in the case of *Hungate, executor, etc. v. C. H. Laybourn et al.,* then pending in the circuit court of Hancock county. Two other appeals from orders in that case have been considered by this court at this term and opinions filed in them simultaneously with this one, *i. e., Hartzell v. Hungate, ante,* p. 346, and *Bishop v. Hungate, ante,* p. 351. The facts and pleadings in these three cases are the same except as to the basis of the claimed right of the several appellants to intervene. As in the other two cases above referred to, the motion of appellants for leave to intervene was denied and the movers have appealed.

The petition for intervention in so far as it is different from the petitions in the other two cases referred to recites that appellant E. W. Dunham was the administrator of the estate of Clara M. Laswell and that appellants Charles J. Scofield and Apollos W. O'Harra were the attorneys of Clara M. Laswell, now deceased, in her lifetime in a certain suit and proceeding brought by her in her lifetime in the federal court in Chicago for the construction of the will of her father, Benjamin F. Johnson, deceased, and that they represented her in that litigation in said federal court and in the U. S. Court of Appeals where the said Clara M. Laswell took said cause by appeal from the said federal court; that their fees for such services have not been fixed or determined in any court and that they are entitled to have them allowed and paid out of the estate of Benjamin F. Johnson, deceased. The prayer of the petition is that evidence be heard in the case of *Hungate v. Laybourn et al.,* as to what their services in such litigation which the administrator of her estate should have paid were reasonably worth, and that an order be entered in that case for the payment of such fees out of the trust fund in the hands of said Hungate as trustee.

The record in this case instead of showing such an interest in the estate as would entitle appellants to

intervene for a proper purpose clearly shows an utter lack of it. In the first place the bill, the basis of this suit where intervention is sought, is not one for the determination of what claims should be paid out of the fund, but is for leave to sell land to pay claims already allowed. In the next place the case of *Laswell v. Hungate,* 256 Fed. 635, where appellants O'Harra and Scofield claim to have earned the fees which they now seek to have fixed, if their leave to intervene is allowed, was not begun to construe the will of Benjamin F. Johnson, deceased, but to destroy it; not to aid in carrying out the will of the testator, but to defeat it. There was no prayer in the bill for a construction of the will, and it was not in any proper sense construed by the court in determining the issues involved. On the contrary, the substance of the holding of the court in that case is merely that the will needs no construction and is not void for uncertainty.

As we understand the trend of all the cases cited by appellants, it is only where the terms of the will are so ambiguous as to make it necessary to go into a court of chancery to get a construction of them and some one properly begins a suit for that purpose that the expenses of the litigation can properly be paid out of the fund. *Dean v. Northern Trust Co.,* 266 Ill. 205; *Kendall v. Taylor,* 245 Ill. 617; *Lewis v. Sedgwick,* 223 Ill. 213; *Ward v. Caverly,* 276 Ill. 416; *Rice v. Winchell,* 285 Ill. 36; *Ingraham v. Ingraham,* 169 Ill. 432; *Woman's Union Missionary Society v. Mead,* 131 Ill. 338; *Guerin v. Guerin,* 270 Ill. 239; *Strickland v. Strickland,* 271 Ill. 614.

In every one of the foregoing cases a construction of the will or some part of it was asked. The order of the circuit court denying appellants' motion for leave to intervene is in accord with the law and the facts disclosed in the petition and is affirmed.

*Order affirmed.*