(No. 15830.—Decree affirmed.)

WILLIAM TROY CALES *et al.* Appellants, *vs.* ROSE DRESSLER *et al.* Appellees.

*Opinion filed December 16, 1924—Rehearing denied Feb. 4, 1925.*

1. WILLS—*when devisee takes life estate with power to sell fee.* Where a testator gives his wife all his property, both real and personal, "to either keep or sell, as she wishes," and provides that at her death "whatever is left be equally divided" among other devisees named, the wife takes a life estate with power to sell the fee in her lifetime, and if any estate remains at her death it passes to the remaindermen.

2. SAME—*remainder after life estate with power to sell is valid.* Where the first taker is given a life estate, only, with power to consume the whole or a part of the estate or to dispose of it during his lifetime, the gift over after the life estate is not rendered invalid because its quantity is uncertain.

3. SAME—*life tenant with power to sell cannot do so for sole purpose of cutting off remainder.* Where a testator gives his property to his wife, "to either keep or sell, as she wishes," during her life, and gives "whatever is left" at her death to other devisees, the widow will not be permitted to make a conveyance for the sole purpose of cutting off the remainder and having a reconveyance made to her so that the property may pass under her will, as such conveyance would defeat the testator's intention.

4. DEEDS—*intention is the controlling fact in determining delivery.* The grantor's intention is the controlling fact in determining whether there has been an effective delivery of a deed, and such intention is to be gathered from the circumstances attending the transaction.

5. SAME—*when delivery to attorney is sufficient.* Where the grantor instructs the attorney who drew her deed to record and deliver it, leaving it in his possession for that purpose, she loses control over the deed, and the recording of the instrument and delivery of it by the attorney to the grantee constitute a sufficient delivery, although the grantor dies while the deed is still in the attorney's possession.

6. SAME—*executor may represent legatees in suit to set aside deed.* In a suit to set aside deeds executed by a testator and to declare inoperative certain provisions of her will, the legatees under the will are not necessary parties where the executor is made a party to the suit and answers the bill, as title comes to the legatees through the executor and he represents their interests in the suit.

APPEAL from the Circuit Court of Tazewell county; the Hon. CHARLES V. MILES, Judge, presiding.

C. R. BIRKETT, and RALPH DEMPSEY, for .appellants.

JOHN T. ELLIFF, and WILLIAM A. POTTS, for appellees.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Charles A. Gaines died testate on January 11, 1922, at Minier, Tazewell county, Illinois. His last will was dated September 10, 1921, and its provisions pertinent to this controversy are:

"*Second*—After the payment of such funeral expenses and debts, I give, devise and bequeath to my beloved wife, Sarah Ann Gaines, all of my property, of whatsoever kind and wherever located, both personal and real estate, to have for her own, to do with as she wishes,—that is, to either keep or sell, as she wishes, and spend the proceeds as she may desire.

"*Fourth*—After the death of my wife, Sarah Ann Gaines, if there be any of my estate left it is my will that whatever is left be equally divided between my nephew, William Troy Cales, his wife, Johanna Cales, and my niece, Minnie L. Cales."

William Troy Cales was named as executor. The will was admitted to record by the county court on February 27, 1922. The testator left about $2000 in personal property after the payment of his debts, and two residence properties, one of which, designated parcel A, was worth about $11,000, and the other, designated parcel B, about $2500.

For a long period both Gaines and his wife were invalids. They were practically helpless and required almost constant attention. They resided in the premises designated parcel A. In 1921 Gaines employed Emil Dressler, who continued in his service as a nurse, with the exception of a brief interval, until his death. Dressler and his wife, Rose, occupied the premises designated as parcel B as tenants of Gaines at a rental of $10 per month. In November, 1921, Gaines, believing that the care of himself and his wife would be promoted by their removal to Dressler's home, directed the building of an additional room to the house the Dresslers occupied. The room was not completed in his lifetime, but after his death his widow was taken to and cared for in that home.

On February 11, 1922, Sarah Ann Gaines, the widow, executed two deeds, by one of which she conveyed parcel A to Nelda Himmel, who was the stenographer of the lawyer she consulted, and by the other she conveyed parcel B to Emil and Rose Dressler, husband and wife, as joint tenants, reserving, however, to herself a life estate in that parcel. On the same day she made her last will, by which, after the bequest of certain specific legacies, she provided:

"*Sixth*—Prior to the death of my said husband, Charles A. Gaines, he requested me that I cause to be deeded to Mr. Emil Dressler and wife, Rose Dressler, the property now

occupied by them, [describing it,] and if I have not so con-
veyed said premises, then in that case I give and devise
said premises in fee to the said Emil Dressler and his wife,
Mrs. Rose Dressler, as joint tenants and not as tenants in
common."

By the seventh section of her will she directed her ex-
ecutor to make sale of the residue of her estate, and out of
the proceeds she bequeathed, by the eighth section, $500 to
Minnie L. Cales, the niece of her deceased husband, $500
to William Troy Cales, the nephew of her deceased husband,
and $500 to Johanna Cales, the wife of William, with the
provision that if the residue should not be sufficient to pay
these legacies they should be proportionately reduced.  By
the ninth section she devised and bequeathed whatever re-
mained to Rose Dressler, to be used by her in the support
and education of her children.  Buford F. Quigg was named
executor.  Nelda Himmel, by deed dated February 13, 1922,
reconveyed parcel A to Mrs. Gaines.  On February 17,
1922, Emil Dressler died, leaving his widow, Rose Dressler,
and his children, Raymond, Marie, Edith and Dorothy, all
minors, surviving him.  Mrs. Gaines continued to live in the
home of Rose Dressler and was cared for by her until Mrs.
Gaines died, on April 5, 1922.  The three deeds above men-
tioned were filed for record on July 25, 1922, by the attor-
ney who drew them.  The will of Mrs. Gaines was admitted
to record by the county court on August 28, 1922, and Bu-
ford F. Quigg was appointed its executor.

William Troy Cales and Minnie L. Cales renounced the
will of Sarah Ann Gaines, elected to take under the will of
Charles A. Gaines, and on August 28, 1922, filed their bill
in the circuit court of Tazewell county against Rose, Ray-
mond, Marie, Edith and Dorothy Dressler, Buford F. Quigg
as executor of the last will of Sarah Ann Gaines, deceased,
and Nelda Himmel, to set aside the deed from Mrs. Gaines
to Nelda Himmel, the deed from Nelda Himmel to Mrs.
Gaines, and the deed from Mrs. Gaines to Emil and Rose

Dressler as joint tenants; to have the will of Mrs. Gaines declared inoperative so far as parcels A and B are concerned and to confirm the title thereto in the complainants. The case was referred to a master in chancery, who heard the testimony and reported his findings and conclusions. The court entered a decree in conformity with the master's report and adjudged that the deed from Mrs. Gaines to Nelda Himmel, and the deed from Nelda Himmel to Mrs. Gaines, purporting to convey parcel A, should be set aside; that the will of Mrs. Gaines should be decreed to be ineffectual to devise that parcel, and that the title thereto should be established and confirmed in the complainants. The court further found that the deed from Mrs. Gaines to Emil and Rose Dressler as joint tenants, which conveyed parcel B, was a valid exercise of the power conferred by the second section of the will of Charles A. Gaines, and that the title to that parcel should be established and confirmed in Rose Dressler, the surviving joint tenant. Of the three complainants, William Troy Cales and Johanna Cales prosecute this appeal. The appellees, Rose, Raymond, Marie, Edith and Dorothy Dressler, and Buford F. Quigg, as executor, assign cross-errors.

The principal question to be determined is, Did the will of Charles A. Gaines give to his widow the title in fee simple to his real estate, or did it give her only a life estate therein with the power of sale and vest the remainder in William Troy Cales, Johanna Cales and Minnie L. Cales, subject to divestiture by the exercise of such power by the widow?

Sarah Ann Gaines, the widow, was given the power to sell, but the fourth section of the testator's will clearly indicates that any property remaining at the death of his widow should go to appellants and Minnie L. Cales. If the second section of the will had simply provided that the testator gave, devised and bequeathed to his widow "all of my property, of whatsoever kind and wherever located, both

personal and real estate, to have for her own, to do with as she wishes," appellees' contention would have to be upheld. (2 Alexander on Wills, sec. 929; *Dalrymple* v. *Leach,* 192 Ill. 51.) But the testator provided for the disposition of the remainder "after the death of my wife." Moreover, in the second section, after the words "to have for her own, to do with as she wishes," he immediately adds, "that is, to either keep or sell, as she wishes, and spend the proceeds as she may desire." He thus limited the method of her disposition of the property to a sale, which could only be made in her lifetime. If the testator had desired his property to go to his widow absolutely and unconditionally he would simply have given it to her outright, with no mention of a disposition of the remainder and without limiting her power of disposition to that of conveyance in her lifetime. Hence there is nothing in section 13 of the Conveyance act which requires that the devise to Sarah Ann Gaines be construed as a fee simple estate. Under wills containing language similar to the one here involved this court has held that a life estate was devised, with power in the devisee to sell any part or all of the real estate in his lifetime, but if any estate remained at the death of the life tenant it passed to the remaindermen named. (*Bradley* v. *Jenkins,* 276 Ill. 161; *Gruenewald* v. *Neu,* 215 id. 132; *Griffiths* v. *Griffiths,* 198 id. 632; *Hamlin* v. *United States Express Co.* 107 id. 443.) Where the first taker is given a life estate, only, with power to consume the whole or a part of the estate, or even to dispose of it during his lifetime, the gift over after the life estate is not rendered invalid because the quantity of the residuary estate is uncertain. (*Dean* v. *Northern Trust Co.* 266 Ill. 205; *Burke* v. *Burke,* 259 id. 262.) Interpreting the will as a whole, as it must be interpreted, we are convinced that the testator intended to devise a life estate to his widow, with power to sell the fee and expend the proceeds as she might desire, but that the remainder, if any, should go to the appellants and Minnie L. Cales.

The deed to parcel A from Sarah Ann Gaines to Nelda Himmel and the reconveyance to Mrs. Gaines were made in order that the property might pass under her will instead of the will of her deceased husband. The testator by the fourth section of his will gave what was left of his estate upon his widow's death to William Troy Cales, Johanna Cales and Minnie L. Cales. He intended that the residue should pass by his will. The power of sale conferred by his will upon his widow excludes a conveyance by her for the sole purpose of cutting off the remainder and making it possible that the property pass under her will. To sustain a conveyance for such a purpose would permit a mere subterfuge to defeat the testator's intention. The deeds to parcel A were ineffectual to convey that parcel, and it did not pass by the will of Sarah Ann Gaines but by the will of Charles A. Gaines to the remaindermen.

The situation with reference to parcel B is different. It appears from the evidence that Gaines and his wife, for the services rendered by Emil and Rose Dressler, in addition to the weekly wage to be paid, agreed to convey to them parcel B, subject to its use by Mrs. Gaines during her life. Dressler devoted his whole time to their care. He served them both day and night. After Dressler's death his widow continued to care for Mrs. Gaines until she died. The conveyance was made by the testator's widow for her benefit. The fact that the period during which Emil and Rose Dressler rendered the required service was short does not defeat the conveyance. It was not a mere device to circumvent the provisions of the testator's will. The deed by which parcel B was conveyed is valid.

But it is urged that the deed to parcel B was not delivered. Emil Dressler died six days after the deed was executed. It does not appear what knowledge, if any, he had concerning its execution. Rose Dressler testified that she knew the deed was to be made, and later that it had been

made, and that it was to be recorded and sent to her. There was other testimony to the effect that Mrs. Gaines, the grantor, had instructed the attorney who drew the deed to record and deliver it. It was delivered to the attorney for that purpose, and the grantor then lost control over it. It was recorded and sent to Rose Dressler, the surviving grantee. The grantor's intention is the controlling fact in determining whether there has been an effective delivery of a deed, and such intention is to be gathered from all the circumstances attending the transaction. (*Marshall* v. *Moon,* 311 Ill. 605.) The finding of the master and the decree of the chancellor that the deed was delivered are justified by the evidence.

Appellees contend that if the relief prayed by appellants is granted, the legacies bequeathed by the will of Sarah Ann Gaines will be defeated, and that therefore the legatees under her will are necessary parties. The executor of her will is a party to this suit. He answered the bill, joined in this appeal and assigned cross-errors. Title comes to the legatee through the executor. Where parties are effectively represented they need not be made parties. *Hale* v. *Hale,* 146 Ill. 227; 21 Corpus Juris, 290, 291.

Appellees also contend that the court erred in admitting the testimony of William Troy Cales. The conclusion that the two deeds and the will of Sarah Ann Gaines are inoperative so far as parcel A is concerned is reached independently of his testimony, and in view of our decision with reference to parcel B, appellees could not be prejudiced by any of his testimony.

We find no reversible error in the record, and the decree of the circuit court will be affirmed.          *Decree affirmed.*