John C. Kadyk, Receiver for the Whiteside County State Bank, Appellant, v. Bayard T. Abbott et al., Appellees.

Gen. No. 8,431.

538

Opinion filed June 7, 1932.

A. M. BLODGETT, for appellant.

H. J. LUDENS, JACOB CANTLIN and L. L. WINN, for certain appellees.

JACOB KATZ, for appellee Bayard T. Abbott; K. B. CZARNECKI, of counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

John C. Kadyk, as receiver for the Whiteside County State Bank, filed a creditor's bill in the circuit court of Whiteside county for the purpose of reaching 50 shares of common stock of the Commonwealth Edison Company of Chicago. This stock, it is alleged, was owned by Alfred N. Abbott, late of Whiteside county, Illinois, during his lifetime, and is now the property of Bayard T. Abbott, one of the appellees in this case. It is alleged that Bayard T. Abbott received this stock by the terms and provisions of the 3rd and 4th paragraphs of the last will and testament of his father, Alfred N. Abbott, now deceased. The bill sets forth that Sarah G. Abbott was the wife of Alfred N. Abbott and is now living; that Frances Culver and Howard Abbott were appointed and qualified and are now acting as executors of the last will and testament of the said Alfred N. Abbott, deceased; that appellant bank is informed and believes that said stock is in the hands of said executors and that no part thereof has been set apart or delivered to said Bayard T. Abbott; that it might be

that said stock has been set apart to Bayard T. Abbott since Sarah G. Abbott, one of the appellees herein, had only a life use and income in said 50 shares of stock and that said stock may have been turned over to Sarah G. Abbott by the executors of said estate. The bill asks for discovery and makes Bayard T. Abbott, Commonwealth Edison Company, Sarah G. Abbott, Frances D. Culver, and Howard G. Abbott, parties defendant thereto. The bill does not make Frances D. Culver and Howard G. Abbott as executors of the last will and testament of said Alfred N. Abbott, deceased, parties defendant to the bill.

The Commonwealth Edison Company, Bayard T. Abbott, Sarah G. Abbott, Frances D. Culver and Howard G. Abbott as executors of the last will and testament of Alfred N. Abbott, deceased, filed demurrers to said bill in said court. The demurrer of the Commonwealth Edison Co., Sarah G. Abbott, and Frances D. Culver, Howard G. Abbott as executors of said estate in their demurrers denied the right of the appellant to the relief he seeks, and denies his right to maintain the bill in a court of equity. Each of said demurrers sets up the fact that none of the said parties has any property in their possession belonging to Bayard T. Abbott, nor do they have any property in their possession to which the appellant has any claim by reason of any judgment that the appellant has against Bayard T. Abbott.

The demurrer of Bayard T. Abbott challenges the sufficiency of the bill and denies that appellant is entitled to any discovery from or against the attached matters contained in said bill. The demurrer alleges that the complainant has a complete and adequate remedy at law; that it appears from the complainant's bill that Frances D. Culver and Howard G. Abbott are now duly appointed and acting as executors of the last will and testament of Alfred N. Abbott,

deceased; that said parties as such executors are necessary parties to the said bill and have not been made parties to this proceeding.

The record discloses that the chancellor sustained the demurrer to the bill and entered an order reciting that a hearing was had upon the bill of complaint, and the demurrer of the Commonwealth Edison Company and Bayard T. Abbott, but it did not include the demurrer of Sarah G. Abbott and Frances D. Culver and Howard G. Abbott as executors of the estate of Alfred N. Abbott, deceased. The order and decree sustained the demurrer and dismissed the bill for want of equity, and an appeal was prayed by the appellant, the complainant, and it is now before this court for review.

The receiver—who is appellant in this court—contends that the court erred in sustaining the demurrers of the Commonwealth Edison Company, and Bayard T. Abbott, and erred in dismissing the bill of complaint for want of equity; that the court also erred in rendering a decree in favor of the appellee against the appellant; that error was committed in denying the relief prayed for. It is also claimed as error that the court did not include in its order and decree the ruling on the demurrer of Sarah G. Abbott, Frances D. Culver and Howard G. Abbott as executors of the estate of Alfred N. Abbott. The appellant claims that the hearing as had was on all of the demurrers filed in said case.

Bayard T. Abbott filed a motion in this court for permission to file briefs; also a motion to dismiss this appeal, claiming that the order of the circuit court is not an appealable order as it shows on its face that all of the demurrers were not disposed of at the time of the hearing. The court below in its order sustained the demurrer and dismissed the bill for want of equity. The appellant by this action of the court had no remedy, except an appeal to this court, and we are of the

opinion that the case is properly before us. The motion of Bayard T. Abbott is hereby overruled.

One of the causes set forth in Bayard T. Abbott's demurrer is that the bill shows on its face that there were necessary parties that were not made parties to the bill. These parties have entered their appearances in this case by filing their demurrers and are now properly before the court; so it is not necessary further to discuss this cause of demurrer.

The bill charges in part: "Your orator further represents that in and by said last will and testament of the said Alfred N. Abbott, deceased, the defendant Bayard T. Abbott was bequeathed and devised fifty (50) shares of common stock in the Commonwealth Edison Company of Chicago, Illinois, as by said last will and testament of the said Alfred N. Abbott, deceased, now on file in the office of the Clerk of the County Court of said Whiteside County, will more fully appear, reference being had thereto, and that Sarah G. Abbott widow of the said Alfred N. Abbott and mother of the defendant Bayard T. Abbott is to have the use or income from said Fifty (50) shares of stock for and during the period of her natural life, as will more fully appear from said last will and testament of the said Alfred N. Abbott, deceased, reference being had thereto."

In the brief and argument of appellees filed herein they set forth what purports to be the 3rd and 4th clauses of the last will and testament of Alfred N. Abbott, deceased. There is no record that this is a true copy of the last will and testament of Alfred N. Abbott as there is no copy of the will filed in the case. All of the parties to this litigation have argued the matter as if the will was properly before this court for construction.

It will be noted that the bill charges that in said last will and testament of said Alfred N. Abbott, the de-

fendant Bayard T. Abbott was bequeathed 50 shares of common stock in the Commonwealth Edison Company and that Sarah G. Abbott is to only have the use or income from said stock during her life. This is a positive statement that the stock was bequeathed to Bayard T. Abbott. In the construction of wills the law favors that construction that favors the vesting of estates at the earliest possible moment, and estates devised will vest in interest at the death of the testator unless some later time for their vesting is clearly expressed by the words of the will, or appears by necessary implication. *Fay v. Fay,* 336 Ill. 299.

This will gives these 50 shares of stock to Bayard T. Abbott, but he is not to enjoy the use of the same until after the death of his mother. The testator could create an estate for life in personal property of a durable nature with remainder over the same as if the property was real estate and in such a case the property remaining has to be distributed to the remainderman, and the possession is in the life tenant during the life estate. *Dean v. Northern Trust Co.,* 266 Ill. 205, 210; *Ward v. Caverly,* 276 Ill. 416.

In the case of *Nicol v. Morton,* 332 Ill. 533, 543, the court says, ''Under the codicil there was nothing appellants were to do other than to take at the termination of the prior estates. The will did not require that they be in existence at the time of distribution or that they should attain a certain age or meet any qualification of any nature whatever. There was a grant of the corpus of the estate to the trustee during the interim between the death of the testator and the time for distribution to appellants. There were prior interests created in the corpus during the interim. If the gifts to the appellants had been at the death of the widow and there had been no reference to a period of twenty-five years there could be no question but that the interest of appellants would be vested.''

It is our opinion that Bayard T. Abbott had a vested interest in the 50 shares of stock of the Commonwealth Edison Company subject only to his mother's rights during her natural life.

It is urged by the appellee that the demurrer to the bill should be sustained for the reason that the complainant has a complete and adequate remedy at law. We see no merit in this contention as we know of no remedy that would be adequate for the purpose of satisfying the appellant's judgment against Bayard T. Abbott. He was not entitled to immediate possession of this stock, and the widow is entitled to the income thereof for and during her natural life. The bill prays for discovery to find who has actual possession of the stock, and we think, on examination of the bill, that on its face it states a good cause of action in such plain terms that each and every one of the defendants should know just what the charge is that they would have to meet.

There is another reason why the demurrers of the Commonwealth Edison Company, Sarah G. Abbott, Frances D. Culver and Howard G. Abbott, as executors, etc., should be overruled. Each of these demurrers challenges the sufficiency of the bill, and then proceeds to deny that they have any property that belongs to Bayard T. Abbott. This is a matter of defense and cannot be set forth as a ground for demurrer to challenge the sufficiency of the bill. It is commonly called a speaking demurrer, which the authorities hold is bad practice and must be overruled. In the case of *Woods v. Colony Bank,* 114 Ga. 683, 40 S. E. 720, the court in discussing a similar demurrer says: "Those portions of the demurrer which allege that the bank had nothing to do with the alleged forged paper, except to forward it for collection, set up matters of defense and not of demurrer and should have been overruled as 'speaking.' " *Baltimore & O. R. Co. v. Ritchie,* 31

544

Md. 191, 195; *Royal Ins. Co. v. Clark,* 61 Minn. 476, 63 N. W. 1029; Puterbaugh's Chancery Pleading, Illinois Edition, page 13; *Harding v. American Glucose Co.,* 182 Ill. 551, 641.

In some cases it is permissible to demur to a part of the bill and answer other parts, but that has not been attempted in these demurrers, but they challenge the whole declaration. For the reasons stated in this opinion the judgment of the circuit court of Whiteside county is hereby reversed and the case remanded.

*Reversed and remanded.*